## FOX *v.* CAPITAL COMPANY.

No. 23. Argued October 16, 1936.—Decided November 9, 1936.

*Mr. Benjamin Reass* for petitioner.

*Mr. William D. Whitney,* with whom *Messrs. Frederick H. Wood* and *Samuel B. Stewart, Jr.,* were on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The question in this case is whether there is jurisdiction in the Circuit Court of Appeals to review upon appeal an order fining a judgment debtor for contempt in refusing to submit to an examination in proceedings supplementary to judgment.

Respondent had a judgment against petitioner for $297,412.91 in the United States District Court for the Southern District of New York. Upon default in payment, the creditor began a proceeding, supplementary to the judgment, for the examination of the debtor. By the Civil Practice Act of New York (§ 774 as amended by L. 1935, c. 630) such a proceeding may be instituted by order of the Court, by subpoena, or by warrant. Respondent resorted to the second of these methods. The judgment debtor having failed to respond to the subpoena, an application was made to punish him for contempt. The Court made an order adjudging the contempt with leave to the debtor to purge himself thereof. Thereafter, upon evidence that the contempt continued, the court made a second order fining the debtor for his contempt in the amount of $235,082.03, then unpaid upon the judgment, and an additional amount of $10,-000 to be paid to the attorneys of the judgment creditors for the costs of the proceeding. A warrant was to issue to the Marshal whereby the debtor was to be confined in jail until payment of the fine, with the proviso, in substance, that except for the costs of the proceeding, $10,000, the fine would be remitted upon submission to

the subpoena. From the two orders so made the debtor appealed to the Circuit Court of Appeals for the Second Circuit, where the appeal was dismissed. To settle the practice in a situation likely to recur, this Court granted certiorari, the review to be "limited to the question of the jurisdiction of the Circuit Court of Appeals."

A proceeding for the examination of a debtor as a supplement to judgment or execution is a summary substitute for a suit in equity by a creditor for the discovery of assets. *Ex parte Boyd,* 105 U. S. 647, 651–653; *Le Roy* v. *Rogers,* 3 Paige Ch. (N. Y.) 234; *Hadden* v. *Spader,* 20 Johns. (N. Y.) 554, 565; *Scoville* v. *Shed,* 36 Hun (N. Y.) 165, 167. It continues "until closed or discontinued by consent or discontinued, dismissed or closed by order of the court." New York Civil Practice Act, § 802 (1); *Steinman* v. *Conlon,* 208 N. Y. 198; 101 N. E. 863; *Hand* v. *Ortschreib Building Corp.,* 254 N. Y. 15; 171 N. E. 889. It "shall be deemed closed two years from the service of the order, subpoena or warrant" initiating it, unless extended by order for a definite period. § 802 (1). It may be closed within that time upon a showing by the debtor of unreasonable delay. § 802 (3). The relief appropriate to the proceeding includes the appointment of a receiver, or a decree for the payment of money or the delivery of property. *Steinman* v. *Conlon, supra,* p. 202. The imposition of a fine for the refusal of the debtor to appear or answer is not a substitute for such relief or for adequate discovery. Despite the contempt or the penalties therefor, the proceeding may continue until its aim has been achieved.

The rule is settled in this Court that except in connection with an appeal from a final judgment or decree, a party to a suit may not review upon appeal an order fining or imprisoning him for the commission of a civil contempt. *Doyle* v. *London Guarantee & Accident Co.,* 204 U. S. 599; *In re Christensen Engineering Co.,* 194 U. S.

458; *Hayes* v. *Fischer,* 102 U. S. 121; *Worden* v. *Searls,* 121 U. S. 14, 25. The appellant in the court below, the petitioner before us here, was a party to a suit or proceeding for the discovery of assets. There is no occasion to consider how far his rights and remedies would be different if he had been a stranger to the record, a witness or an adverse claimant. *Nelson* v. *United States,* 201 U. S. 92, 115; *Alexander* v. *United States,* 201 U. S. 117, 122. Not only was he a party; he was a party to a proceeding then in its initial stages. Discovery was in abeyance, and what the final relief would be was still a subject for conjecture. This sufficiently appears from the statement already made as to the function and duration of a proceeding supplementary to judgment. Finally, the contempt charged and adjudicated was not criminal, but civil; reparation to an obstructed creditor, not vindication of the public justice, was the purpose of the fine, and of the fine in all its parts. *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418, 441; *Doyle* v. *London Guarantee & Accident Co., supra,* p. 606; *Lamb* v. *Cramer,* 285 U. S. 217, 220; *In re Guzzardi,* 74 F. (2d) 671, 672. If this could otherwise be doubtful, it is made clear beyond cavil by the recitals of the order.

Petitioner does not question the compensatory or civil quality of so much of the fine as may be avoided at any time by obeying the subpoena. He takes the ground, however, that the fine of $10,000 which was imposed unconditionally, is in excess of any damage suffered by force of the contempt (*Cf.* 28 U. S. C. § 387), and from this he moves to the conclusion that the penalty was inflicted as retribution for a crime. But the conclusion does not follow though the premise be accepted. The court may have erred in its assessment of the costs required for reparation. As to that we do not intimate an opinion either one way or the other. What is very plain is the fact that the assessment was made in a genuine

endeavor to reimburse a harassed creditor for the damages occasioned by obstruction and delay. Errors, if there were any, did not split the controversy into parts, one civil and one criminal. *Cf. Collins* v. *Miller,* 252 U. S. 364, 370. It retained from first to last its unitary quality. In levying the fine, the court was not acting *sua sponte,* or at the instance of the government through a prosecuting officer. *Gompers* v. *Bucks Stove & Range Co., supra; Lamb* v. *Cramer, supra; Union Tool Co.* v. *Wilson,* 259 U. S. 107, 112; *Michaelson* v. *United States,* 266 U. S. 42, 64; *Leman* v. *Krentler-Arnold Hinge Last Co.,* 284 U. S. 448, 452. It lent a helping hand to a suppliant for aid.

The order is not final, and there is no error in the ruling that it is not subject to appeal.

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.