## DICKINSON v. RINKE et al.
### No. 102.

Circuit Court of Appeals, Second Circuit.
Jan. 19, 1943.

See, also, 132 F.2d 805.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

J. Harlin O'Connell, of New York City, for appellants.

Samuel Hershenstein, of New York City, (Charles D. Francis, Samuel Hershenstein, and Solomon Kaufman, all of New York City, of counsel), for appellee.

AUGUSTUS N. HAND, Circuit Judge.

The action in which the order appealed from was entered was brought for a discovery and accounting of certain shares of the common stock and the increments thereto of Petroleum Conversion Corporation, issued to and held in the name of Fred B. Lloyd. Among the shares in controversy was a block of 244,041 shares which were in the possession of the defendants Dohme, Osborne and Lovis, in a safe deposit box in the Borough of Manhattan, City and County of New York, at the time when the action was brought. Inasmuch as the defendant Lloyd disappeared from the jurisdiction in 1936 and could not be found therein, service against him could be effected only by publication pursuant to Section 57 of the Judicial Code for the purpose of rendering a final judgment as to the plaintiff's interest in the 244,041 shares. After the filing of the complaint the certificates were removed from the safe deposit box in New York and on February 10, 1939, were taken out of the jurisdiction to Elizabeth, New Jersey. On March 9, 1939, the plaintiff Dickinson brought an ancillary action in the United States District Court for the District of New Jersey, seeking to have the certificates impounded pending the determination of his main action in the Southern District of New York. Schwenk thereupon transported the shares to Delaware on March 14, 1939, where proceedings were brought and, we understand, are still pending to procure their cancellation. Dickinson obtained an order from the District Court for the Southern District of New York on January 16, 1941, requiring Dohme, Schwenk and Vaughan to show cause why they should not be adjudged in contempt of court and punished therefor on the ground that the 244,041 shares of stock of Petroleum had been removed from the jurisdiction after the filing of the complaint and the answer of the defendants Osborne, Lovis and Dohme, who at the time held the shares as a stockholders' committee of Petroleum Conversion Corporation. The court handed down a decision granting the motion on February 3, 1941. The decision provided for a settlement of an order "on notice" and the amount, if any, of the compensatory fine to be imposed for the cost of obtaining the return to the Southern District of the securities was kept open pending determination of the merits of the main action. The shares were returned to the Southern District and deposited with the Clerk of the District Court on February 24, 1941. Thereafter, the main suit proceeded to trial, and a judgment was entered on February 5, 1942, dismissing the complaint. The plaintiff filed his notice of appeal from this judgment on March 6, 1942, and the record on appeal was docketed in this court on July 30, 1942.

After the taking of the appeal, the District Judge conducted hearings on March 12, 1942, and on July 29, 1942, in respect to the settlement of the order to punish for contempt, and on August 13, 1942, he filed an opinion granting a motion which had been made for a reargument in the contempt proceeding. It included findings of fact and conclusions of law, and imposed the compensatory fines already mentioned. Thereafter he made an order in conformity therewith, dated August 25, 1942.

■ The order imposing the fines, from which the appeal has been taken, was clearly an ancillary order in the main action brought by Dickinson, entered to compensate the latter for expenses incurred through the removal of the 244,041 shares of stock from the Southern District. Before it was entered, the appeal from the judgment dismissing the complaint had been perfected. Despite the taking of the appeal, the District Court was of the opinion that under the decision of the Supreme Court in Hovey v. MacDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888, it still had jurisdiction to enter the order fixing the amount of the fine. But that case dealt with an exceptional situation in which a clause directing the return to the successful defendant of certain securities held by a receiver pending the outcome of the litigation was added to the original decree shortly after the plaintiff had filed his appeal because such a clause should have been included in the decree as first drawn. Here, after an appeal was taken from a final judgment in the suit, the District Court held further hearings and sought to exercise its discretion in an ancillary matter as to which it had deliberately reserved judgment pending the determination of the merits in the main action. Such a practice would entail serious inconvenience in splitting up for purposes of appeal matters which should come up on a single record. Because an appeal had been taken in the main action, the District Court was without jurisdiction to enter the order of August 25, 1942. Berman v. United States, 302 U.S. 211, 214, 58 S.Ct. 164, 82 L.Ed. 204;

Draper v. Davis, 102 U.S. 370, 26 L.Ed. 121; United States v. Radice, 2 Cir., 40 F.2d 445, 446; Rogers v. Consolidated Rock Products Co., 9 Cir., 114 F.2d 108.

■ The memorandum decision granting the motion to punish for contempt, under date of February 3, 1941, directed the parties "to settle order on notice." This decision was evidently incomplete, because it did not determine the amount of the compensatory fine, and the only order appealed from is the order of August 25, 1942, fixing such fines. A civil contempt order is not subject to review by an aggrieved party of record except in connection with the appeal from the main judgment in the case. Fox v. Capital Company, 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67; Doyle v. London Guarantee & Accident Co., 204 U.S. 599, 27 S.Ct. 313, 51 L.Ed. 641. Perhaps as to Schwenk and Vaughan, who were not parties of record in the main action, an order entered prior to the appeal might have been separately reviewable. Bessette v. W. B. Conkey Co., 194 U.S. 324, 329, 330, 24 S.Ct. 665, 48 L.Ed. 997; Fox v. Capital Company, 299 U.S. 105, 108, 57 S.Ct. 57, 81 L.Ed. 67. But these are matters upon which we need express no opinion, since the order actually appealed from is, as we have seen, void because it was entered while the District Court had no jurisdiction of the proceedings.

As we are granting a new trial in the main action in an opinion handed down simultaneously herewith, it will be open to the parties after the remand to procure a valid order from a District Court having jurisdiction to deal with the motion, and to review such order in connection with an appeal from the judgment which may be entered after the new trial. Under the present circumstances, we see no reason to discuss the merits involved in or the bearing of the decision of the Supreme Court in Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172.

The order of the District Court is reversed for the reason that at the time it was entered the District Court was without jurisdiction.