**TAYLOR et al. v. BOWLES, Price Administrator.**

**No. 10776.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 17, 1945.

Rehearing Denied Jan. 16, 1946.

312

Stanley W. Taylor and Evelyn Flynn, of San Francisco, Cal., in pro. per., for appellants.

Herbert H. Bent, Regional Litigation Atty., O.P.A., and Jacob Chaitkin, Chief, Briefing and Appeals Unit, both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The question in this case is whether the Circuit Court of Appeals has jurisdiction to review upon appeal an order of the lower court dated February 1, 1944, adjudging the appellants in contempt for violation of a permanent injunction entered March 6, 1943. The order in issue directs the appellants to reduce all rents to amounts not exceeding the maximum rent regulations,[1] to return all amounts collected in excess of the maximum rents, and to appear before the court March 31, 1944, and furnish proof of compliance with said order. The court also reserved the power to commit said appellants to jail for non-compliance with the terms of the order, and further reserved the power to make other orders as might be necessary.

By the same order appellant Stanley W. Taylor was required to pay into court the sum of $500 as costs for the contempt proceedings with the proviso that if appellant had complied with the terms of the order within the sixty day period, the $500 would be remitted. Any question with reference to this assessment is now moot as the assessment was remitted to appellant April 13, 1944.

The appellee, the Price Administrator, has moved this court to dismiss the appeal on the grounds that the order appealed from is not final and appealable, or in the alternative to dismiss the appeal to the extent that it purports to be from that part of the order fixing the assessment for costs.

A dismissal is proper here if the contempt proceeding is remedial or civil.

A remedial or civil contempt order directed against a party litigant is deemed interlocutory and not a final order, and is reviewable only on appeal from the final decree in the main action. Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67; Fenton v. Walling (Smith v. Walling), 9 Cir., 139 F.2d 608, and cases cited therein; Dickinson v. Rinke, 2 Cir., 132 F.2d 884, 885, and cases cited.

The Supreme Court in judging the contempt a remedial one in McCrone v. United States, 307 U.S. 61, at page 64, 59 S.Ct. 685, at page 686, 83 L.Ed. 1108, states:

"While particular acts do not always readily lend themselves to classification civil or criminal contempt, a contempt is considered civil when the punishment is wholly remedial, serves only the purpose of the complainant, and is not intended as a deterrent to offenses against

[1] Regulations issued under the authority of the Emergency Price Control Act, 50 U.S. C.A. Appendix § 901 et seq.

the public. * * * Authority of the Court was sought to buttress the procedure for collection of taxes and not in 'vindication of the public justice', as in criminal cases."

In Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67, supra, the Supreme Court in an earlier case decided an order fining a judgment debtor for contempt was civil and interlocutory on the theory that the fine was imposed to make reparation to an obstructed creditor, and not in vindication of justice. cf. Wilson v. Byron Jackson Co., 9 Cir., 93 F.2d 577, 578; Union Tool Company v. Wilson, 259 U.S. 107, 110, 42 S.Ct. 427, 66 L.Ed. 848; Western Fruit Growers v. Gotfried et al., 9 Cir., 136 F. 2d 98, 100.

The object of the order here was to give assistance to individuals from the imposition of rents in excess of those permitted by law, and to make reparation to those persons for excess rents already paid. The judgment of contempt was remedial, therefore civil and interlocutory, and not final for the purposes of appeal to this court.

If it be assumed that the order from which the appeal is attempted is not a civil and remedial contempt order but is essentially one of a punitive or criminal nature, yet the appeal would have to be dismissed since it was not taken within the five days after the entry of judgment as provided for in rule 3 of the Rules of Criminal Procedure After Plea, etc., following Title 18, U.S.C.A. § 688, promulgated by the Supreme Court pursuant to 28 U.S.C.A. § 723a. Wilson v. Byron Jackson Co., 9 Cir., 93 F.2d 577, 578, applies this rule.

Appeal dismissed.