ISLAND CREEK COAL COMPANY, Rebel Coal Company, Cole and White Coal Company, Paul J. Rayburn Construction Company, Elm Coal Corporation and Western Coal Company, Plaintiffs-Appellees,

v.

LOCAL UNION NO. 1827 OF the UNITED MINE WORKERS OF AMERICA, Defendant-Appellant.

No. 76–1652.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1977.

Decided Dec. 30, 1977.

Robert J. Greene, Paul D. Deaton, Paintsville, Ky., for defendant-appellant.

D. B. Kazee, Francis, Kazee & Francis, Fred G. Francis, Prestonsburg, Ky., for plaintiffs-appellees.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

In the spring of 1975, certain members of Local Union 1827, United Mine Workers of America (UMW), engaged in a series of unauthorized strikes at facilities operated by Island Creek Coal Company in Martin County, Kentucky.[1] On May 16, 1975, the

---

1. The facility struck was Island Creek's Pevler Mine, at which the company operates a coal processing plant. The other plaintiffs apparently work under contract with Island Creek.

United States District Court for the Eastern District of Kentucky issued a permanent injunction against the strikes, prohibiting the Local and its members from engaging in any strikes or work stoppages in connection with disputes subject to the grievance procedures of the National Bituminous Coal Wage Agreement of 1974. During the month of February, 1976, certain members of Local 1827 picketed the Island Creek facility on three separate occasions. Appellees thereupon filed a motion to hold both the Local and the individual strikers in contempt for violating the permanent injunction. After two days of hearings, the District Court granted the motion, and ordered the Local to pay a compensatory fine of $21,000.00. The Court also found twelve individual strikers in contempt and committed each to the county jail for three days. They filed no appeal.

The Local appeals [2] contending the union cannot be held vicariously liable for unauthorized strikes by individual members. It admits that some of its members violated the permanent injunction, but maintains that there is no evidence of union authorization or encouragement of those violations.

■ Appellees move for dismissal of this appeal on the ground that Appellant designated only a partial transcript for the record on appeal without serving upon Appellees a statement of issues to be presented, as required by Rule 10(b), Federal Rules of Appellate Procedure. We do not find dismissal warranted in this case. Appellees were neither misled nor prejudiced by Appellant's failure to serve a statement of issues, and they have had ample time to seek supplementation of the record. See Committee Note of 1966 to New Rule 75(b), now Appellate Rule 10(b). Moreover, there is no evidence that Appellant's omission

here was made in bad faith. See Drybrough v. Ware, 111 F.2d 548, 550 (6th Cir. 1940). The motion to dismiss the appeal is therefore denied.

■ As to the substantive issue, we note that at the time of the contempt hearings, the District Court did not have the benefit of our opinions in Peabody Coal Co. v. Locals 1734, 1508 and 1584, UMW, 543 F.2d 10, 12 (6th Cir. 1976), cert. den., 430 U.S. 940, 97 S.Ct. 1571, 51 L.Ed.2d 787 (1977), and Southern Ohio Coal Co. v. UMW, 551 F.2d 695, 701 (6th Cir.), cert. den., —— U.S. ——, 98 S.Ct. 227, 54 L.Ed.2d 155 (1977). Both of these cases bear directly on the issue raised by Appellant. Accordingly, it is ordered that the judgment of the District Court as to Local 1827 be vacated and the case remanded for further consideration in light of Peabody Coal and Southern Ohio Coal.

No costs allowed.

---

2. Appellees maintain that the contempt order is not appealable, under the doctrine of Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67 (1936). There, the Supreme Court held that a party to a pending proceeding could not appeal a civil contempt order prior to final judgment on the underlying action. Although the District Court proceedings were not formally terminated at the time of this appeal, we find that the permanent injunction was a sufficiently final order to justify review at this stage. See Peabody Coal Co. v. Locals 1734, 1508 & 1548, UMW, 484 F.2d 78, 84 (6th Cir. 1973).