911 F.2d 720
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry BRUMMER, Plaintiff-Appellant,
v.
BOARD OF ADJUSTMENT OF the CITY OF ASHEVILLE, John M. Acee,
Chairman of the Board of Adjustment, and individually,
Raymond Myers, individually and wife, Raymond Myers, Mrs.,
H.M. Heywood, individually and wife, Pauline G. Heywood,
Defendants-Appellees.
 No. 89-3346.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1990.
Decided Aug. 17, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Woodrow Wilson Jones, Senior District Judge. (C/A No. 85-449-A-C)
 Harry Brummer, appellant pro se.
 Isaac Noyes Northup, Jr., Roberts, Stevens & Cogburn, P.A., Joseph Pinckney McGuire, McGuire, Wood & Bissette, P.A., Asheville, N.C., Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., Roy W. Davis, Jr., Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, N.C., for appellees.
 W.D.N.C.
 DISMISSED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harry Brummer seeks to appeal the district court's finding that he was in civil contempt for failure to pay Rule 11 sanctions imposed in connection with post-judgment litigation over compliance with a court order that Brummer lower the elevation of a structure under construction. We dismiss for want of jurisdiction.
 
 
 2
 At a hearing on September 18, 1989, the court ordered the parties to work out the cleanup of the construction site among themselves. The court retained jurisdiction over the matter, admonishing the parties that if they could not agree, a hearing would be held. The court's supervision of Brummer's compliance with the order that the structure's height be reduced thus continues, and the site has not been cleared.
 
 
 3
 Contempt orders are not appealable when the underlying lawsuit has not progressed to final judgment; the same rule applies to civil contempt orders entered in ongoing post-judgment proceedings. Fox v. Capital Co., 299 U.S. 105 (1936); see Powers v. Chicago Transit Auth., 846 F.2d 1139 (7th Cir.1988). We thus are without jurisdiction to entertain this appeal. As the dispositive issue recently has been decided authoritatively, we dispense with oral argument. This disposition moots appellees' motion to dismiss the appeal for want of prosecution.
 
 
 4
 DISMISSED.