File Name: 05a0397n.06
Filed: May 13, 2005
**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Nos. 04-3614, 04-3955**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DONNA COUSINS; RICK JAMES; SHARRIE PIERCE; and KENNY YOAKEM, | ) | |
| | ) | |
| *Plaintiffs-Appellees*, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Southern |
| ROBERT BRAY and LISA BRAY, | ) | District of Ohio |
| | ) | |
| *Defendants-Appellants*. | ) | |

**Before:**     **BOGGS, Chief Judge; GIBBONS, Circuit Judge; and QUIST, District Judge.**[*]

**BOGGS, Chief Judge.**  Defendants appeal from the district court's order of civil contempt for violations of a preliminary injunction issued against them and its award of attorney's fees to plaintiffs-appellees for prevailing in their motion for contempt. Because a judgment of civil contempt is not a final order, we conclude that we do not have jurisdiction over the appeal at this time.  Therefore, we dismiss the appeal.

**I**

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Starting in August 2003, plaintiffs Cousins and James rented a house from defendants. Defendants also rent a neighboring house to Pierce, James's sister, and Yoakem, her boyfriend.[1] Robert Bray, one of the defendants, owns a logging company that is headquartered next to the two houses. In October and November 2003, the defendants attempted to evict Cousins and James from the house. On November 21, plaintiffs Cousins and James responded by filing suit, alleging that the defendants sought to evict them because of racial discrimination against Cousins's two biracial children, in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3631; 42 U.S.C. § 1982; and Ohio Rev. Code § 4112.02(H). Plaintiffs sought a temporary restraining order, which the district court granted that day. Pursuant to plaintiffs' request for a preliminary injunction, the district court conducted a two-day hearing. On December 30, 2003, the district court issued an order granting the preliminary injunction. The order enjoined defendants from both attempting to evict Cousins and James and "harassing, intimidating, or threatening" either plaintiffs or Cousins's sons.

On April 6, 2004, plaintiffs filed a motion to hold defendants in contempt of the preliminary injunction. After another hearing, the district court granted plaintiffs' motion. It found that defendants were harassing plaintiffs by causing excessive noise through the use of jake brakes on Bray's logging company's trucks and by having installed a large pig pen and dog kennel close to Cousins and James's house. The court also ordered the defendants to pay plaintiffs' attorneys' fees associated with the contempt motion.

---

[1]Via an amended complaint filed on May 5, 2004, Pierce and Yoakem entered the suit as plaintiffs and sought a preliminary injunction. The district court denied their motion for a preliminary injunction on June 25.

Before this court, defendants appeal both the district court's ruling that they were in contempt of the injunction and its award of attorney's fees to plaintiffs. They do not challenge the district court's decision to grant a preliminary injunction. In the interim, a jury has found that defendants did not violate either federal or state law. As both parties are aware, however, the district court granted plaintiffs' motion for a new trial on March 3, 2005. The case is still ongoing in district court.

## II

Even though neither party has questioned this court's jurisdiction over the present dispute, our "independent obligation to police our own jurisdiction" requires us to raise the issue *sua sponte*. *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001). We conclude that we do not have jurisdiction over these issues at this time.

It is a long-standing rule of appellate jurisdiction that "a judgment of civil contempt is not a final decree and therefore is not appealable in itself." *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) (citing *Fox v. Capital Co.*, 299 U.S. 105, 107 (1936)). We have reviewed orders of civil contempt when raised as part of an appeal from an otherwise-appealable interlocutory order such as a preliminary injunction. *See ibid.* In addition, we will review an order of civil contempt if it follows the entry of a final judgment. *McAlpin v. Lexington 76 Auto Truck Stop*, 229 F.3d 491, 500 (6th Cir. 2000). Limiting our review of civil contempt orders to these instances serves "the policy of preventing piecemeal litigation." *Ibid.* (quoting *Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW*, 484 F.2d 78, 82 (6th Cir. 1973)). The contempt order appealed in this

case does not fall within either of these categories. While the district court entered a preliminary injunction, defendants do not challenge it before this court. As the procedural history to this case amply illustrates, there has also been no final order in this case. Appellants instead seek review only of the contempt order, which "is not appealable in itself." *Blaylock*, 547 F.2d at 965.

Without the existence of a final order or a concurrently appealed preliminary injunction, this court lacks jurisdiction over the district court's civil contempt order. It is true that this court in *Peabody Coal* concluded that the preliminary injunction issued in that case could serve as a final order, making the later-filed contempt order appealable. 484 F.2d at 83-84. However, the analysis in *Peabody Coal* has never been taken to create an absolute rule, or even a presumption, that a civil contempt order is appealable so long as it follows the issuance of a preliminary injunction. *See Blaylock*, 547 F.2d at 965 (distinguishing *Peabody Coal* despite the district court having already granted a preliminary injunction). In addition, the outcome in *Peabody Coal* turned on the specific facts of that case, as we emphasized in conducting a "practical analysis" of whether the preliminary injunction in that case constituted a final order. 484 F.2d at 84. In *Peabody Coal*, the court reasoned that the statements of the district court and parties suggested the preliminary injunction was to serve as the final order. *Ibid.* The record before us contains no such statements. Furthermore, the *Peabody Coal* court found it highly relevant that the preliminary injunction disposed of "virtually all the questions in the case." *Ibid.* The same cannot be said in this case. First, the addition of Pierce and Yoakem has injected new issues into the case. Second, and more fundamentally, the case has already proceeded to trial once and may be tried again. Thus, the preliminary injunction has not resolved the issues in this case.

Under these circumstances, consideration of appellants' appeal does not "prevent[ ] piecemeal litigation." *McAlpin*, 229 F.3d at 500 (6th Cir. 2000) (quoting *Peabody Coal*, 484 F.2d at 82). Indeed, current consideration of these issues would encourage it. Believing such encouragement unwise, we accordingly **DISMISS** appellants' appeal.