**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KONINKLIJKE PHILIPS ELECTRONICS,
N.V., a Netherlands corporation,
*Plaintiff-Appellee,*

v.

KXD TECHNOLOGY, INC.; ASTAR
ELECTRONICS, INC.; SHENZHEN KXD
MULTIMEDIA CO., LTD.; SHENZHEN
KAIXINDA ELECTRONICS CO. LTD.;
KXD DIGITAL ENTERTAINMENT,
LTD.; and JINGYI LUO, a/k/a JAMES
LUO,
        *Defendants-Appellants,*

and

SUNGALE GROUP, INC.; SUNGALE
ELECTRONICS (SHENZHEN), LTD.;
AMOI ELECTRONICS, INC.; AMOI
ELECTRONICS CO., LTD.; AMOI
ELECTRONICS, LTD.; CHINA
ELECTRONICS CORPORATION;
AMOISONIC ELECTRONICS, INC.;
INTERNATIONAL NORCENT
TECHNOLOGY, INC.;

No. 07-15310

D.C. No.
CV-05-01532-RLH

OPINION

11201

NORCENT HOLDINGS, INC.; SHANGHAI
HONGSHENG TECHNOLOGY CO., LTD.;
SHENZHEN NEWLAND ELECTRONIC
INDUSTRY CO., LTD.; DESAY A&V
(USA) INC.; DESAY A&V SCIENCE
& TECHNOLOGY CO., LTD.; DESAY
HOLDINGS CO., LTD.; XORO
ELECTRONICS (SHANGHAI), LTD.;
SHENZHEN XORO ELECTRONICS CO.,
LTD.; MAS ELECTRONIK AG
CORPORATION; and SHENZHEN
ORIENTAL DIGITAL TECHNOLOGY
CO., LTD.,

*Defendants.*

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
June 13, 2008—San Francisco, California

Filed August 20, 2008

Before: Mary M. Schroeder, John M. Walker, Jr.,* and
N. Randy Smith, Circuit Judges.

Opinion by Judge Walker

---

*The Honorable John M. Walker, Jr., Senior Circuit Judge for the
United States Court of Appeals for the Second Circuit, sitting by designa-
tion.

**COUNSEL**

Anton N. Handal, at argument, and Pamela C. Chalk and Gabriel G. Hedrick, on the briefs, Handal & Associates, San Diego, California, for the defendants-appellants.

Jeffrey K. Joyner, at argument, and David C. Caplan and Jan Jensen, on the briefs, Keats McFarland & Wilson LLP, Beverly Hills, California, for the plaintiff-appellee.

**OPINION**

WALKER, Circuit Judge:

   Defendants-Appellants KXD Technology, Inc., Astar Electronics, Inc., Shenzen KXD Multimedia, Inc., Shenzhen Kaix-

inda Electronics Co., Ltd., KXD Digital Entertainment, Ltd., and Jingyi Luo, a/k/a James Luo, appeal from an order of the United States District Court for the District of Nevada (Hunt, *J*) imposing monetary sanctions for civil contempt. Because we lack appellate jurisdiction, the appeal is dismissed.

## I.  BACKGROUND

Plaintiff-Appellee, Koninklijke Philips Electronics N.V. ("Philips") sued the above-named defendants, alleging that they had infringed Philips's registered trademark and had knowingly offered counterfeited Philips goods for sale in the United States. On January 5, 2006, the district court issued an amended temporary restraining and seizure order that was immediately served on the defendants at the Consumer Electronics Show in Las Vegas, Nevada. The following day, because defendants' principal place of business and warehouse was in California, Philips sought and was granted a temporary restraining and seizure order by the United States District Court for the Central District of California. That order was served at defendants' California warehouse, where the Marshals Service found and confiscated counterfeit products bearing the Philips trademark.

On March 14, 2006, the district court issued a preliminary injunction that principally enjoined defendants from dealing in any product that infringed Philips's trademarks. The district court also ordered defendants to file a report setting forth their inventory of counterfeit Philips products by April 13, 2006 and a report describing in detail their compliance with the preliminary injunction by May 15, 2006. Before these reports were due, on April 10, 2006, the district court issued another seizure order, which resulted in the confiscation of additional counterfeit Philips products at locations controlled by the defendants.

By February of 2007, it became clear to the district court that the defendants had no intention of complying with its

orders. The district court noted that there was "abundant evidence of the Defendants' non-compliance and active violations of both the TRO and preliminary injunction." In fact, the defendants had failed to file any reports, required or otherwise, showing that they had complied in any way with the district court's orders. This failure continued even after the plaintiff moved for sanctions on October 11, 2006. At the sanctions hearing, the district court granted plaintiff's motion for civil contempt sanctions, holding the defendants jointly and severally liable to the plaintiff for: (1) $353,611.70 in attorney's fees; (2) $37,098.14 in seizure and storage costs; (3) $1,284,090.00 in lost royalties; and (4) $10,000.00 per day until the reports were filed. In addition, the court ordered defendants to post a $2 million bond.

The defendants now appeal the district court's imposition of sanctions. The plaintiff contends that such an interlocutory appeal is impermissible and that we lack jurisdiction to hear it.

## II.  ANALYSIS

### A.  Standard of Review

We review questions of our own jurisdiction de novo. *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998).

### B.  Civil vs. Criminal Contempt Orders

**[1]** "The rule is settled in this Court that except in connection with an appeal from a final judgment or decree, a party to a suit may not review upon appeal an order fining or imprisoning him for the commission of a civil contempt." *Fox v. Capital Co.*, 299 U.S. 105, 107 (1936); *see also Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) ("It is clear that we do not have jurisdiction to hear interlocutory appeals from civil contempt orders entered against parties to litigation."). This court "do[es] have jurisdiction[, however,] to hear

appeals from criminal contempt orders because they are appealable when entered." *Bingman*, 100 F.3d at 655 (internal quotation marks and citation omitted).

Thus, to ascertain its jurisdiction, a court of appeals "must decide whether the order before [it] [i]s one for civil contempt or one for criminal contempt." *Id.* As we have noted, the "distinction between the two forms of contempt lies in the intended effect of the punishment imposed. The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive." *United States v. Armstrong*, 781 F.2d 700, 703 (9th Cir. 1986); *see also Plastiras v. Idell* (*In re Sequoia Auto Brokers Ltd.*), 827 F.2d 1281, 1283 n.1 (9th Cir. 1987).

**[2]** Although this explanation of the "dichotomy between civil and criminal contempt is helpful, it is not quite complete." *Bingman*, 100 F.3d at 655. Often it is necessary to explore other aspects of the contempt order to determine its character. For example, the Supreme Court has found it useful to ascertain to whom the fine is payable, suggesting that a fine "is remedial when it is paid to the complainant, and punitive when it is paid to the court." *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632 (1988); *see also Bingman*, 100 F.3d at 655. Also instructive is whether the fine imposed is conditional in nature. In this regard, the Supreme Court has stated that "[a]n unconditional penalty is criminal in nature because it is solely and exclusively punitive in character . . . . A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act." *Hicks*, 485 U.S. at 633 (internal quotation marks and citation omitted).

Taking all of these considerations into account, the Supreme Court has stated that:

> A contempt fine accordingly is considered civil and remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] . . . compen-

sate[s] the complainant for losses sustained." Where a fine is not compensatory, it is civil only if the contemnor is offered an opportunity to purge.

*United Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994) (alteration and omission in original) (citation omitted). Thus, an otherwise criminal contempt order (i.e., an order not intended to be compensatory) will nevertheless be categorized as civil, and thus not appealable on interlocutory review, when the defendant is given an opportunity to comply with the order before payment of the sanction becomes due.

## C.   The Instant Contempt Order

**[3]** The contempt order here is plainly civil under the above test. The attorney's fees, lost royalties, and storage costs were assessed in order to compensate the plaintiff for losses sustained. Furthermore, the per diem fine was not to be assessed until fourteen days after the entry of the order, and the defendants could avoid the fine by complying with the terms of the injunction. Because the per diem fine allowed the defendants the opportunity to purge the contempt before payment became due, it was a civil sanction. We also note that the district court was cognizant of the distinction between the two types of contempts. Although the district court warned the defendants that it "may desire to impose criminal sanctions *next time*," it limited itself "*this time* to civil sanctions." Appellant's Excerpts of R. at 356 (emphasis added).

Moreover, the defendants make no argument that the contempt order was not civil. Their sole argument is that a civil contempt order is reviewable when it provides for payment of the sanction on a "date certain" without providing the contemnor the opportunity to purge. The orders pertaining to attorney's fees, seizure and storage costs, and lost royalties fall into this category. Supreme Court precedent, however, makes clear that contempt orders that are *compensatory* are not reviewable on interlocutory appeal; if a contempt order "com-

pensate[s] the complainant for losses sustained," it "is considered civil," and may only be reviewed upon final appeal. *Bingman*, 100 F.3d at 656 (alteration in original). The defendants attempt to glean their purported "date certain" exception to the general rule of non-appealability from certain cases that, while permitting immediate appeals, do not announce the rule defendants urge upon this court. Each case is unique to its circumstances and all are inapposite.

## D.   Defendants' Authorities

Defendants argue that our opinion in *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268 (9th Cir. 1976), supports their contention that civil contempt orders that provide for payment of a sanction on a date certain, without providing the contemnor the opportunity to purge the contempt, are revieweable on interlocutory appeal. *Hoffman*, however, merely applies the Supreme Court's test in *Bagwell* and is no help to defendants. In *Hoffman*, there was no dispute that the contempt order was not compensatory and hence criminal. Indeed, there is no indication from the opinion that the *fines* imposed possessed a compensatory character. Thus, the *Hoffman* court proceeded directly to the only controversy presented by the facts: whether the two contempt orders at issue in the case offered the contemnor the opportunity to purge the contempt. Any order that did so would be deemed civil and not appealable; any order that did not would be criminal and appealable.

Analyzing the orders, the *Hoffman* court deemed one civil and the other criminal based on its determination that, as to the latter, "[t]he fines assessed were ordered to be paid within 30 days without any permission to otherwise purge the contempt." *Id.* at 1273. Thus, *Hoffman* simply stands for the familiar proposition, set forth in *Bagwell*, that contempt orders that would otherwise be deemed criminal (because there is no dispute that the order lacks a compensatory charac-

ter) will be deemed civil when the contemnor is offered an opportunity to purge the contempt before payment is due.

Defendants also cite cases from outside the Ninth Circuit to support their argument. However, none of them warrants a finding of jurisdiction in this case. In *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1515 (11th Cir. 1990), a case involving the defendant's violation of an injunction in a trademark suit, the court found that the civil contempt order, which was indisputably compensatory, fell within an exception to the general rule that civil contempt orders are not reviewable on interlocutory appeal. The court stated that such an exception exists in Eleventh Circuit jurisprudence for those civil contempt orders "in which a fine or penalty is imposed within a time certain that may not be avoided by some other form of compliance [i.e., purged]." *Id.* (internal quotation marks and citation omitted).

**[4]** While, to be sure, *Howard Johnson* lends support to defendants' argument in this case, the exception that it announces does not exist under Ninth Circuit law. In this circuit, there are two ways in which a contempt order may be deemed civil and thus not appealable on interlocutory review: (1) if the sanction imposed compensates the plaintiff for losses sustained; *or* (2) if the sanction allows for the contemnor to purge the contempt before payment is due. *See Bingman*, 100 F.3d at 655-56 (discussing *Bagwell*). There is no exception under Ninth Circuit law that permits a compensatory, and thereby civil, sanction to be reviewable on interlocutory appeal simply because the sanction fails to allow the contemnor to purge the contempt before payment is due on a date certain.

Were we to create the exception defendants urge, it would contravene the Supreme Court's decision in *Fox*, in which the Court found a $10,000 compensatory sanction to be unreviewable on interlocutory appeal. *See* 299 U.S. at 108. Here, as in *Fox*, the defendants "do[ ] not question the compensa-

tory or civil quality" of the sanction. *Id.* Moreover, the $10,000 sanction in *Fox* "was imposed unconditionally" and thus could not be purged. *Id.* In contrast to the defendants' contention in the instant case, the sanction's unconditional nature in *Fox* did not mandate a finding of interlocutory appellate jurisdiction. The Court found it "very plain . . . that the assessment was made in a genuine endeavor to reimburse [the plaintiff] for the damages occasioned by obstruction and delay." *Id.* at 108-09. The Court held that the sanction "retained from first to last its unitary quality" as a civil sanction. *Id.* at 109. Under *Fox*, therefore, the unconditional nature of a compensatory sanction does not render it reviewable on interlocutory appeal. *See id.* Because *Howard Johnson* is out of step with the Supreme Court's holding in *Fox* and its reasoning in *Bagwell*, we decline to follow it.

The remaining authorities that defendants cite in support of their contention are distinguishable because there was no compensatory character to the sanctions, and the policy considerations present in those cases are not implicated by the facts here. In *New York Telephone Co. v. Communications Workers*, 445 F.2d 39 (2d Cir. 1971), a union was found to be in violation of a restraining order that prohibited the union from striking. After finding that the union should be held in civil contempt, the district court ordered fines to be imposed, gradually and in increasing amounts, as long as the strike continued. *Id.* at 44. After the district court entered several more orders of civil contempt imposing fines in accordance with its schedule, the strike ended. The union then appealed the various contempt orders to the Second Circuit. However, a final judgment had technically not been entered in the case. The plaintiffs argued that the circuit lacked jurisdiction to hear the appeal because the fines were for civil contempt and the appeal was interlocutory. The Second Circuit disagreed because the fines' "[e]xecution issued immediately" and the "defendants thus faced immediate and perhaps irreparable loss." *Id.* at 45.

Defendants contend that this holding applies equally here because the sanctions imposed against them were likewise immediate and afforded no opportunity to purge. The Second Circuit, however, in *New York Telephone* never addressed whether the fines imposed were compensatory. Indeed, the fines were imposed according to the district court's gradual schedule; nothing in the opinion indicates that they were fixed to approximate the plaintiffs' losses. Moreover and critical to its determination, the *New York Telephone* court "doubt[ed] that anything further remain[ed] of the . . . action." *Id.* Because it was unlikely that further actions would be taken by the plaintiff in the case, the court found that "intervention by way of appeal runs no risk of disrupting the orderly course of proceedings below." *Id.* The court concluded "that the policy considerations which have led courts to deny immediate review to civil contempt orders [we]re absent." *Id.*

Here, the policy considerations that favor denying immediate review are present. The civil sanctions that were imposed are part of an ongoing litigation in which the defendants have refused to comply with the district court's orders. If defendants' past course of conduct is any indication, additional future sanctions are likely. "To be effective, judicial administration must not be leaden-footed." *Cobbledick v. United States*, 309 U.S. 323, 325 (1940). A case's "momentum [should not] be arrested by permitting separate reviews." *Id.* Recognizing interlocutory jurisdiction here would run afoul of these considerations.

The defendants' reliance on *Drummond Co. v. District 20, United Mine Workers*, 598 F.2d 381 (5th Cir. 1979), is unpersuasive for the same reasons. That case also involved a labor dispute between a union and employer in which the union was found to be in contempt of an injunction barring the union from striking. After the striking employees returned to work, but before a final order was entered, the union appealed the sanctions that imposed fines for civil contempt. *Id.* at 383. The Fifth Circuit held that the order imposing civil sanctions

was appealable. *Id.* at 384. The court stated that "there [wa]s no reason to refuse to consider the Union's contempt challenges . . . [because] further proceedings [are] unlikely." *Id.* The court concluded that "review of the contempt orders [ran] no risk of disrupting a continuing, orderly course of proceedings below." *Id.* By contrast, as we have explained, our review of the district court's order imposing civil sanctions would directly interfere with the ongoing proceedings below that are designed to bring difficult and defiant defendants to heel. And like *New York Telephone*, *Drummond* does not suggest that the character of the sanctions imposed was compensatory; the sanctions were in the form of fines, not payments approximating the plaintiff's losses. *Drummond* therefore is distinguishable from *Bagwell*, which remains binding upon us.

Finally, to the extent that defendants could face irreparable harm because the contempt order amounts to an executable judgment that the plaintiff could use to levy on defendants' assets, any harm that defendants face is entirely of their own making and does not move us to create a new exception for interlocutory review here. Defendants were afforded the opportunity to immediately appeal the district court's preliminary injunction but declined to do so. Therefore defendants waived any challenge to the sanctions imposed based on the underlying injunction. Furthermore, because the district court's sanction order imposed a bond in an amount approximating that of the sanctions imposed, the plaintiff would have had little reason to execute a judgment based on the sanction order had the defendants actually posted the $2 million bond as ordered. It was the defendants' choice to defy the district court's order, which in turn forced the plaintiff to seek security in other ways.

**[5]** Additionally, holding that a civil sanction is directly appealable if it is immediately payable risks eviscerating the fundamental rule that compensatory sanctions are civil and not appealable on interlocutory review. Further, we note that

defendants will have the opportunity to appeal the sanctions imposed after a final judgment. In sum, we are not persuaded that the defendants face irreparable harm and, in any event, find that, because of defendants' conduct, any risk of harm is appropriately placed upon them.

## III.  CONCLUSION

The appeal is dismissed for lack of jurisdiction.

**DISMISSED.**