08-2894-cv (L), 08-3119-cv (con)
Cold Stone Creamery, Inc. v. Gorman

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-second day of January, two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COLD STONE CREAMERY, INC.,

> *Plaintiff-Appellee,*

> -v.-                                                          Nos. 08-2894-cv (L),
>                                                                08-3119-cv (con)

JERWAINE I. GORMAN and J. GORMAN INVESTMENT GROUP, INC.,

> *Defendants-Appellants,*


MIKE BONDS,
> *Appellant.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

**FOR PLAINTIFF-APPELLEE:**   Vincent L. DeBiase, Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY.

**FOR DEFENDANT-APPELLANT:**   Jerwaine I. Gorman, Rosedale, NY, *pro se*.

Appeal from a May 2, 2008 order and a June 3, 2008 order of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals of Mike Bonds and J. Gorman Investment Group, Inc. be **DISMISSED**, the District Court's order of May 2, 2008 be **AFFIRMED**, and the cause be **REMANDED** for further proceedings as appropriate.

This is an appeal from an order enjoining defendants-appellants J. Gorman Investment Group (the "Group") and Jerwaine Gorman ("Gorman"), *pro se*, from using the trademarks, name, signage, and advertising of, or otherwise holding themselves out to be affiliated with plaintiff-appellee Cold Stone Creamery, Inc. ("Cold Stone"), in any way, and also from an order of contempt entered by the District Court against Gorman, the Group, and Mike Bonds ("Bonds"), who at one point held himself out to be the Group's attorney and the new owner of the Cold Stone trademarked items. This action stems from a December 2006 franchise agreement and sublease agreement between the Group and Cold Stone, permitting the Group to use Cold Stone's trademarks in order to operate a store in Huntington, New York. In January 2008, Cold Stone terminated both agreements with the Group for failure to pay rent, and according to the terms of the agreements, the Group was to immediately cease using, and return, any property bearing Cold Stone trademarks.

In March 2008, Cold Stone alleges, it discovered that Gorman and the Group had begun construction of an ice cream store in Queens, New York which was bearing, without authorization, Cold Stone trademark signs, wallpaper, menu boards, and cups. In April 2008, Cold Stone filed a complaint and supporting affidavits in the District Court alleging trademark infringement, breach of contact, and other claims, seeking monetary damages and a permanent injunction. Cold Stone also sought a temporary restraining order and a preliminary injunction to prevent Gorman and the Group from infringing on Cold Stone's trademarks. Along with affidavits and photographs depicting the allegedly infringing store in Queens, Cold Stone attached to the documents filed in the District Court a copy of a letter sent by Bonds in which he explained that he was the attorney for "Gorman's Coldstone" [sic] and that his "client has a signed franchise agreement with Cold Stone Creamery Inc. which allows [his] client to use ColdStone [sic] signage." Plaintiff's Exh. 2.

In April 2008, the District Court denied Cold Stone's motion for a temporary restraining order and set May 1, 2008 as the return date for the motion for a preliminary injunction. Both of the named defendants failed to appear and on May 2, 2008, the District Court entered an order of injunction directed at defendants Gorman and the Group. The May 2 order prohibited Gorman, the Group, and "their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all

persons acting for, with, by, through or under them" from "using or displaying in any manner the registered trademarks of Cold Stone Creamery, Inc., . . . related design marks and stylized cone design, or any colorable imitation thereof" (internal capitals removed), at the Queens store or at any other location. Docket Entry #9, No. 08-cv-1710 (E.D.N.Y. May 2, 2008) ("Docket Entry").

Although in the May 2, 2008 order the District Court stated that Cold Stone had sought a "temporary restraining order, preliminary injunction, *and permanent injunction*," and in that order the Court purported to "*permanently* enjoin[ ]" defendants et al. (emphases added), in fact the Cold Stone order to show cause giving notice of its motion had mentioned only a "Preliminary," not a permanent injunction. Since the District Court cannot properly grant permanent relief in a proceeding in which the nonmoving party has been given notice only that a preliminary injunction is at issue, *see, e.g.*, *Woe v. Cuomo*, 801 F.2d 627, 629 (2d Cir. 1986), we consider the May 2 injunction order to be a preliminary and not a permanent injunction.

On May 7, 2008, Gorman filed a letter requesting that the District Court "reopen" the case because he had been unaware of the May 1, 2008 court date, did not own the ice cream store located in Queens, and had relinquished his responsibility for Cold Stone trademark materials to Bonds. *See* ROA Doc. 13 (Motion to Reopen). On May 12, 2008, Cold Stone sent a copy of the May 2 preliminary injunction order to Bonds, demanding that he follow its terms and informing him that Cold Stone intended to move for an order of contempt if he failed to do so. After Cold Stone allegedly observed that the trademark signs and items were still being displayed at the Queens store, in violation of the preliminary injunction, it filed affidavits and moved by order to show cause for an order of contempt against Gorman, the Group, and Bonds for failure to comply with the preliminary injunction. On May 16, 2008, the motion papers were served upon Gorman and the Group and at the residence of Bonds.

On May 21, 2008, Bonds filed a timely notice of appeal challenging the issuance of the preliminary injunction, but neither Bonds, nor Gorman or any representative of the Group appeared at the contempt hearing in the District Court held on May 29, 2008. In a judgment dated June 3, 2008, the District Court noted that it had granted an "injunction against Defendants [Gorman and the Group], together with all persons acting for, with, by, through or under them, from their continued use and/or display of Plaintiff's registered trademarks, logos, and their trade dress" at the Queens store or any other location. It then found the defendants, along with Bonds as a person acting for, by, through or under the defendants, in contempt of court pursuant to Rule 70 of the Federal Rules of Civil Procedure for their failure to comply with that injunction, and awarded Cold Stone $25,000 plus attorneys' fees. The District Court also ordered that a U.S. Marshal accompany Cold Stone representatives to remove the unauthorized trademark materials from the Queens store.

Also on June 3, 2008, Gorman filed a letter in the District Court stating that he was not the owner of the Queens store so he should not be held in contempt. On June 4, Bonds filed a "subsequent notice of appeal," requesting that the District Court remove Gorman from the order of contempt because Bonds himself was the sole owner of the store, having purchased all of the materials bearing the Cold Stone trademark from the Group. On June 20, 2008, Gorman filed a notice of appeal of the District Court's order of contempt, and moved to appeal *in forma pauperis*, which motion was granted by

3

the District Court.  In September 2008, Gorman filed a merits brief in our Court, arguing that he could not attend the contempt hearing of May 29, 2008, and does not own the Queens store.  Gorman also stated that Bonds had agreed to take full responsibility for any misuse of the trademarks but conceded that Jerwaine Gorman individually had agreed to act as manager of the store until Bonds was "comfortable" running the store himself.

## I.  Procedural Matters

For purposes of this order, we refer to the May 2, 2008 order as the "preliminary injunction" and the June 3, 2008 judgment as the "contempt order" or "order of contempt."

As an initial matter, although he filed a timely notice of appeal challenging the preliminary injunction and a subsequent notice of appeal regarding the order of contempt, Bonds never filed a merits brief in our Court and may not be represented by Jerwaine Gorman since there is no indication that Gorman is an attorney.  *See* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal . . . is ground . . . for the court of appeals to act as it considers appropriate, including dismissing the appeal."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* . . . ." (emphasis added)); *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir. 1990).  Accordingly, we dismiss Bonds' appeal. In addition, since a corporation may not appear *pro se* or be represented by a non-attorney, the appeal of the J. Gorman Investment Group, Inc. is likewise dismissed.  *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308-10 (2d Cir. 1991) (holding that a layman may not represent a separate legal entity); Second Cir. Local R. 46.1(d)(2) (providing that a corporation may not appear *pro se*).

Jerwaine Gorman did file a timely notice of appeal, *pro se*, and because we are required to construe liberally *pro se* pleadings and interpret them "to raise the strongest argument that they suggest," *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006), we read Gorman's notice of appeal to challenge both the preliminary injunction of May 2, 2008 and the contempt order of June 3, 2008.

## II.  Preliminary Injunction

Jerwaine Gorman first argues that the preliminary injunction was improperly issued because neither he nor the Group owned the Queens store or infringing materials, having sold everything to Bonds prior to the issuance of the preliminary injunction.  Gorman did not assert this argument in the District Court before the preliminary injunction was issued—he asserted it for the first time in his letter to the District Court *after* the preliminary injunction was entered.  Even if we chose to excuse this waiver in light of his *pro se* status and claimed lack of notice, we would affirm the injunction on the merits.

We review a district court's grant of a preliminary injunction for "abuse of discretion."  *See Almontaser v. N.Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008).  "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations

4

omitted).  In cases alleging trademark infringement, a plaintiff seeking a preliminary injunction must demonstrate:  (1) the likelihood of irreparable injury in the absence of an injunction and (2) either (a) a likelihood of success on the merits, or (b) a sufficiently serious question going to the merits to make them fair grounds for litigation and the balance of the hardships must tip decidedly toward the plaintiff. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 242 (2d Cir. 2009).

Based on the evidence in the record, notably including the agreements between the Group and Cold Stone, it is clear that the Group at one point owned all of the "infringing" personal property that was allegedly displayed at the Queens store and the rights pertaining to its use.  The agreements also establish that the Group was prohibited from selling the rights to use the trademarked property after Cold Stone terminated the franchise and lease agreements, but did so in violation of those agreements. Based on this evidence, and the record as a whole, Cold Stone demonstrated that it was likely to succeed on the merits in a trademark infringement suit and that Cold Stone would likely suffer irreparable injury in the absence of an injunction.  Accordingly, the District Court did not abuse its discretion in granting the preliminary injunction.  We therefore affirm the District Court's order of May 2, 2008 for an injunction against Gorman, a named defendant.

### III.  Order of Contempt[1]

We review a district court's contempt order for "abuse of discretion."  *See, e.g.*, *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).  "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. It need not be established that the violation was willful."  *Id.*  (internal quotation marks and citations omitted).  In the instant case, the terms of the contempt order and Gorman's unreasonable noncompliance with the order are clear.  Although Gorman states that he did not violate the order because he had relinquished responsibility for the misuse of the Cold Stone displays by selling the displays to Bonds, it is clear that his sale actually enabled the infringement and did not relieve Gorman of responsibility.  The franchise agreement with Cold Stone forbade Gorman from selling Cold Stone trademarked items without Cold Stone's consent and required him, upon termination of his franchise, to "promptly" return to Cold Stone all of the franchise materials.  Instead, Gorman sold the items to Bonds without Cold Stone's

---

[1] An order of civil contempt against a party to an action is neither a final order nor an injunctive order and hence is generally not appealable.  *See, e.g.*, *Fox v. Capital Co.*, 299 U.S. 105 (1936).  However, "under . . . particular circumstances" where the district court has entered monetary judgments as sanctions for civil contempt, we have allowed appeals from contempt orders. *See N.Y. Tel. Co. v. Commc'ns Workers of Am., AFL-CIO*, 445 F.2d 39, 45 (2d Cir. 1971). We do not assess whether the circumstances in the instant case would warrant appellate review, but rather, assume *arguendo* that those circumstances could be met because we would affirm the contempt order on the merits in any event.

5

consent and then volunteered to act as manager, even if temporarily, at the Queens store. For all of these reasons, we cannot say that the District Court erred in entering an order of contempt against Gorman.

## CONCLUSION

We have considered all of the arguments on appeal that are properly before us and have found them to be without merit. For the reasons stated above, the appeals of Mike Bonds and J. Gorman Investment Group, Inc. are hereby DISMISSED. We AFFIRM the preliminary injunction against Jerwaine Gorman, and we REMAND the cause to the District Court for further proceedings as are appropriate.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court