FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, on behalf of the Federal Trade Commission, | No. 11-17677 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00390-JAT |
| v. | MEMORANDUM[*] |
| BUSINESS RECOVERY SERVICES LLC; BRIAN HESSLER, individually and as owner, officer, or manager of Business Recovery Services LLC, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted June 15, 2012
San Francisco, California

Before: D.W. NELSON, GOULD, and BEA, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Business Recovery Services is a telemarketing company, owned by Brian Hessler (together "BRS"), that sells recovery kits and contingency services to people who previously lost money in telemarketing scams. The United States sued BRS for, among other things, violating 16 C.F.R. § 310.4(a)(3), which prohibits a telemarketer from requesting payment for a good or service represented "to recover money lost in a previous telemarketing transaction until seven days after the person has actually recovered the money. The United States sought injunctive relief. The district court granted a preliminary injunction prohibiting BRS from selling their recovery kits for an up-front fee in violation of § 310.4(a)(3). BRS did not stop charging its customers an up-front fee, but had its customers sign a form stating they were past or present business owners in an attempt to qualify for the business-to-business exemption in 16 C.F.R. § 310.6(b)(7). The United States moved to hold BRS in contempt for violating the injunction, and, in response, BRS moved to modify the preliminary injunction. The district court denied BRS's motion and held BRS in civil contempt. BRS appeals.

We do not have jurisdiction to review the district court's civil contempt order. *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008). We may exercise jurisdiction over matters that are "inextricably intertwined" with matters properly before us, but only where the issues "(a) [are]

2

so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000) (internal citations omitted). Because we need not decide the contempt issue to review the motion to modify or dissolve the preliminary injunction, and because resolving the modification order does not necessarily resolve the contempt order, we do not now have jurisdiction over the contempt order.

We have jurisdiction over the district court's denial of the motion to modify or dissolve the preliminary injunction. 28 U.S.C. § 1292(a)(1). We will reverse a district court's ruling on a motion to modify or dissolve a preliminary injunction "only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Hook v. Arizona*, 120 F.3d 921, 924 (9th Cir. 1997) (quotation marks omitted). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). Where the prior scam in which telemarketers took advantage of consumers, causing them damage, was a scam promising to help them start their own

3

businesses, we doubt the business-to-business exemption to the command of § 310.4(A)(3) can sensibly be applied. But even if it could be applied, it would have applied here before and after the entry of the injunction. Thus, we do not see how the declarations effected a significant change in facts. Therefore, the district court did not clearly err in concluding that the new declarations that BRS had its customers sign did not show a meaningful change in facts or law. A motion to modify or dissolve an injunction cannot be used to challenge the imposition of the original injunction. *Gon v. First State Ins. Co.*, 871 F.2d 863, 866 (9th Cir. 1989). The district court did not abuse its discretion in denying the motion to modify or dissolve the preliminary injunction.[1]

AFFIRMED.

---

[1] We deny BRS's motion to take judicial notice. We may take judicial notice of an adjudicative fact. Fed. R. Evid. 201(a). The facts for which BRS seeks judicial notice are not adjudicative facts, having nothing to do with the facts of this case, but are rather legislative facts—facts that "have relevance to legal reasoning and the lawmaking process." Fed. R. Evid. 201(a) Advisory Committee Notes to Subdivision (a) (1972).

USA v Business Recovery Services 11-17677
BEA, J., concurring.

I concur in the memorandum disposition save I think it unnecessary to comment on whether the business-to-business exemption of 16 C.F.R. § 310.6 could apply here. The panel's view that it is doubtful the business-to-business exemption can be applied does not comport with my interpretation of the statute. But, just as I think it unnecessary for the panel to intimate its view, I think it unnecessary to explain mine.