15-3158-cv
Weston Capital Advisors, Inc. v. P.T. Bank Mutiara, Tbk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of June, two thousand sixteen.

Present:        ROSEMARY S. POOLER,
                ROBERT D. SACK,
                GERARD E. LYNCH,
                        *Circuit Judges*.
_____

WESTON CAPITAL ADVISORS, INC.,

                *Petitioner-Appellant*,


                v.                                                      15-3158-cv

PT BANK MUTIARA, Tbk,

                *Respondent-Appellee*.

_____

Appearing for Appellant:      Charles B. Manuel, Jr., Manuel & Associates LLP, New York, NY.

Appearing for Appellee:       Marc L. Greenwald (Andrew P. Mark, Daniel R. Koffman, *on the brief)*, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Weston Capital Advisors, Inc. ("WCAI") appeals from the September 8, 2015 opinion and order of the United States District Court for the Southern District of New York (Crotty, *J.*), expanding the order of contempt previously entered against WCAI to include related entities, Weston International Capital Management (Luxembourg) S.A.; Weston International Capital (Mauritius) Ltd.; Weston International Capital Ltd ("WICL").; Weston Capital Services Ltd.; First Capital Management Ltd.; First Global Funds Ltd. PCC; Weston International Investments Limited; Arlington Assets Investments Ltd.; Weston International Asset Recovery Co. Ltd.; Weston International Asset Recovery Corporation Inc. (together, the "Weston Entities"), and John R. Liegey, and imposing escalating sanctions of $1,000 a day, to be doubled monthly until the contempt is purged. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Although neither party contests appellate jurisdiction in this case, the Court has an independent duty to determine whether such jurisdiction exists. *See Arnold v. Lucks*, 392 F.3d 512, 517 (2d Cir. 2004) ("[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . ." (internal quotation marks omitted)). Generally, appeals over civil contempt orders issued against parties are not final orders within the meaning of 28 U.S.C. § 1291, and thus must await a final order before an appeal may be taken. *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 89-90 (2d Cir. 2006). However, "civil contempts against *non-parties* are immediately appealable because the appeal does not interfere with the orderly progress of the main case." *Id.* at 92 (quoting *Int'l Bus. Machs. Corp. v. United States*, 493 F.2d 112, 115 n.1 (2d Cir. 1973)). Because the Weston Entities and Liegey are non-parties, this Court has jurisdiction to consider their appeals.

Weston, however, is a party. It is well established that a party to a pending proceeding may not appeal from an order of civil contempt except as part of an appeal from a final judgment. *Fox v. Capital Co.*, 299 U.S. 105, 107 (1936); *see also SEC v. Sloan*, 535 F.2d 679, 680 (2d Cir. 1976) ("An order of civil contempt against a party to litigation is not an appealable final order."). The order here is plainly civil: its purpose is to secure compliance with the court's order, and curing the contempt will bring the sanction to an end. We therefore lack jurisdiction to consider the appeal of this non-final order by WCAI, and dismiss its appeal for lack of jurisdiction.

Turning to the appeal by the Weston Entities and Liegey, the power to punish parties for contempt is inherent in all courts, and "[a] sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil" in nature. *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Orders of contempt are reviewed for abuse of discretion. *OSRecovery*, 462 F.3d at 93. However, "because the power of a district court to impose contempt liability is carefully limited, our review of a contempt order for abuse of discretion is more rigorous than would be the case in other situations in which abuse-of-discretion review is conducted." *Id.* (internal quotation marks omitted).

Civil contempt orders are remedial in nature, and may be either coercive or compensatory. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). Where a fine serves a coercive purpose, a "court has broad discretion to design a remedy that will bring about compliance." *Id.* (internal quotation marks

2

omitted).  A court may hold a party in contempt if the court determines that "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).

The district court's contempt order met all three requirements and thus was not an abuse of discretion. First, the order the district court enforced clearly and unambiguously told appellants exactly what they must do: return the $3.6 million they received under the vacated turnover order. Second, the proof of non-compliance was clear and convincing; appellants do not dispute that the $3.6 million has not been repaid.  Third, appellants have not met their burden of establishing their inability to comply "clearly, plainly, and unmistakably," *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995), and thus failed to prove that they have "diligently attempted to comply" with the court's order, *CBS Broad. Inc.*, 814 F.3d at 98. In evaluating whether "compliance is literally impossible and, as a result, any attempts at coercion are pointless," *Badgley v. Santacroce*, 800 F.2d 33, 37 (2d Cir. 1986), "[t]he court is not required to credit the alleged contemnor's denials if it finds them to be incredible in context," *Huber*, 51 F.3d at 10 (internal quotation marks omitted).[1]

We affirm the district court's decision to extend the contempt order and sanctions to the Weston Entities and Liegey. "In order for a court to hold a nonparty respondent in contempt of a court order, the respondent must either abet the [party named in the order], or must be legally identified with him." *People of New York v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) (alteration in the original) (internal quotation marks omitted); *see also Spectacular Venture, L.P. v. World Star Int'l Inc.*, 927 F. Supp. 683, 684-85 (S.D.N.Y. 1996) ("A nonparty respondent may be held in contempt of a court order if the respondent abets the party named in the order in its noncompliance or if it is legally identified with that party."). There is ample evidence in the record to support the district court's findings that the Weston Entities and Liegey aided and abetted WCAI's contempt. WCAI does not have its own bank account, so the turnover funds were paid to a related entity, WICL. WICL then immediately paid out the monies to other Weston accounts and to third parties. Even as late as January 2014, two of the Weston entities had at least $415,000 in monies that were used for purposes other than complying with the district court's order.

The record also supports the district court's finding that the Weston Entities do not operate as separate entities, because (1) the boards of directors for the entities are nearly identical; (2) several entities share a single office (and a single employee); (3) Liegey and the entities guarantee each other's debts, and (4) WCS acts as Liegey's personal operating company, paying both his personal expenses and WCAI's legal fees and other expenses.

---

[1] If there comes a time when the escalating nature of the sanctions or changed circumstances render appellants unable to comply with the contempt order making the sanctions punitive rather than coercive, *see Armstrong v. Guccione*, 470 F.3d 89, 113 (2d Cir. 2006), or if "it becomes obvious that sanctions are not going to compel compliance," such that the civil contempt sanctions "lose their remedial characteristics and take on more of the nature of punishment," *Simkin v. United States*, 715 F.2d 34, 36-37 (2d Cir. 1983) (citation omitted), appellants may again petition the district court for relief.

Finally, we affirm the district court's imposition of sanctions of $1,000 a day, doubling each month until the contempt is purged. The record supports the district court's conclusion that the Weston Entities and Liegey could pay the wrongly seized funds, but instead made a deliberate decision to use these monies for other expenses. Further, while Liegey testified at the evidentiary hearing that both he and the Weston Entities were illiquid, no financial documents were submitted to support the claims of penury. *See Huber*, 51 F.3d at 11 ("The court was entitled to consider Huber's refusal to produce documents in assessing the credibility of his oral representations.").

We have considered the remainder of the arguments set forth by the Weston Entities and Liegey and find them to be without merit. Accordingly, the appeal by WCAI is DISMISSED for lack of jurisdiction and the September 8, 2015 order of the district court hereby is AFFIRMED as to the Weston Entities and Liegey.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4