16-1178-cv; 17-668-cv(L)
*Weston v. PT Bank Mutiara*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
                    GERARD E. LYNCH,
                    SUSAN L. CARNEY,
                                        *Circuit Judges.*

―――――――――――――――――――――――――――――

WESTON CAPITAL ADVISORS, INC.,

        *Petitioner-Appellant,*

16-1178-cv; 17-668-cv (L),
17-1227-cv (con)


JOHN LIEGEY, WESTON INTERNATIONAL CAPITAL MANAGEMENT (LUXEMBOURG) S.A., WESTON INTERNATIONAL CAPITAL (MAURITIUS) LTD., WESTON INTERNATIONAL CAPITAL LTD., WESTON CAPITAL SERVICES LTD., FIRST CAPITAL MANAGEMENT LTD., FIRST GLOBAL FUNDS LTD. PCC, WESTON INTERNATIONAL INVESTMENTS LIMITED, ARLINGTON ASSETS INVESTMENTS LTD., WESTON INTERNATIONAL ASSET RECOVERY CO. LTD., WESTON INTERNATIONAL ASSET RECOVERY CORPORATION INC.,

        *Appellants,*

1

v.

PT BANK MUTIARA, TBK,

*Respondent-Appellee.*

_____

**FOR PETITIONER-APPELLANT
& APPELLANTS:**                 CHARLES B. MANUEL, JR., Manuel & Associates, New York, NY.

**FOR RESPONDENT-APPELLEE:**        MARC L. GREENWALD (Daniel R. Koffman, Andrew P. Marks, *on the brief)*, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

Appeals from orders of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Petitioner-Appellant Weston Capital Advisors, Inc., along with ten affiliated corporate Appellants ("the Weston entities") and its principal, Appellant John Liegey (collectively, "Weston"), appeal from a series of orders of the District Court in which the Court awarded attorneys' fees to Respondent-Appellee PT Bank Mutiara, Tbk ("Bank Mutiara"), and acted to enforce a prior contempt order so as to compel Weston to return an improperly collected money judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

Weston has resisted court orders to return $3.6 million to Bank Mutiara since Weston was first held in contempt over four years ago. In that time, the District Court has taken various steps to compel Weston to pay the money owed, including a September 8, 2015, order that imposed escalating fines of $1,000 per day, to be doubled monthly, until the judgment was paid.[1]

On February 13, 2017, the District Court entered a new order scheduling the imposition of additional sanctions in the event that Weston continued to refuse to repay the money owed ("the Additional Sanctions Order"). Twenty-one days after the entry of the Additional Sanctions Order,

_____

[1] That order was affirmed on appeal as to Liegey and each of the Weston entities other than Weston Capital Advisors, Inc. *See Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, 667 F. App'x 15, 16 (2d Cir. 2016).

the District Court entered an order divesting Weston of Mauritian judgments it held against Bank Mutiara and vesting them in Bank Mutiara. Forty-two days after the entry of the Additional Sanctions Order, the District Court entered an order divesting Weston of certain securities held by Weston and vesting them in Bank Mutiara. Finally, the District Court entered another order sixty-three days after the Additional Sanctions Order vesting in Bank Mutiara 100 percent of the equity interests in the corporate Weston entities.[2] The District Court made clear that Weston could moot these sanctions at any time either by repaying Bank Mutiara or by showing with reasonable plausibility that they were close to reaching an agreement that would allow for repayment. Weston did not make any such representations to the District Court, and all of Weston's assets subject to the District Court's orders have since been vested in Bank Mutiara. Bank Mutiara claims that these assets are worth far less than what is owed. Appellee's Br. (Nos. 17-668 & 17-1227) at 5. ("[T]he market value of the assets revested in Bank Mutiara is effectively zero . . . .").

Weston now argues that these "revesting" orders were an unlawful exercise of power by the District Court. We disagree.[3]

## DISCUSSION

Generally, appeals over civil contempt orders issued against parties are not final orders within the meaning of 28 U.S.C. § 1291, and thus must await a final order before an appeal may be taken. *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 89–90 (2d Cir. 2006). However, "civil contempts against *non-parties* are immediately appealable because the appeal does not interfere with the orderly progress of the main case." *Id.* at 92 (quoting *Int'l Bus. Machs. Corp. v. United States*, 493 F.2d 112, 115 n.1 (2d Cir. 1973)). Because the Weston entities and Liegey are non-parties, we have jurisdiction to consider their appeals. Furthermore, because Weston Capital Advisors, Inc., the

---

[2] The District Court identified two bases for these "revesting" orders. First, it held that the orders were authorized by Rule 70 of the Federal Rules of Civil Procedure, which states that, where "a party fails to comply" with "a judgment requir[ing] a party to convey land, to deliver a deed or other document, or to perform any other specific act," the court "may enter a judgment divesting any party's title" to "the real or personal property [if it] is within the district." Fed. R. Civ. P. 70(a), (b). Second, it held that the Additional Sanctions Order was "appropriate pursuant to its general and inherent equitable powers to coerce compliance with its lawful orders." *Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, No. 13-cv-6945, 2017 WL 571511, at *3 (S.D.N.Y. Feb. 13, 2017) (internal quotation marks omitted). Weston argues that Rule 70 is not a viable means of enforcing the prior orders in this case for a number of reasons, including that the Additional Sanctions Order attempts to "revest" property that was not subject to the prior orders. But we need not and do not reach that issue because we hold that the Additional Sanctions Order was permissible under the District Court's inherent power to enforce its own orders.

[3] In the appeal docketed as No. 16-1178, Weston also challenges the District Court's award of nearly $600,000 in attorneys' fees to Bank Mutiara. *See* Summary Order [Doc. 155], *Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, No. 13-cv-6945 (S.D.N.Y. Mar. 16, 2016). That appeal was premised in substantial part on Weston's introduction of "newly discovered evidence" purporting to show wrongdoing on the part of Bank Mutiara and its counsel. Appellants' Br. (No. 16-1178) at 2. After both another panel of this Court and the District Court denied Weston's motion to supplement the record with that evidence, yet another panel of this Court granted Bank Mutiara's motion to strike most of Weston's appendix and brief. As Weston acknowledged in its reply brief, those actions "remove[d] the issue upon which the appeal depended." Reply Br. (No.16-1178-cv) at 1. Because Weston no longer offers any basis for challenging the District Court's award of attorneys' fees, we AFFIRM that order.

3

petitioner in the underlying action, has since voluntarily dismissed its case, it is no longer a party.[4] We thus have jurisdiction over the appeals of each of the eleven Appellants, as well as the Petitioner-Appellant Weston Capital Advisors, Inc.

The power to punish parties for contempt is inherent in all courts, and "[a] sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil" in nature. N.Y. *State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Orders of contempt are reviewed for abuse of discretion. *OSRecovery*, 462 F.3d at 93. However, "because the power of a district court to impose contempt liability is carefully limited, our review of a contempt order for abuse of discretion is more rigorous than would be the case in other situations in which abuse-of-discretion review is conducted." *Id.* (internal quotation marks omitted).

To justify a civil contempt order, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). There is no question that the District Court's prior orders clearly and unambiguously directed Weston to return the $3.6 million plus interest to Bank Mutiara. There is no evidence that Weston has complied with those orders or made reasonable attempts to do so.

A district court may use its civil contempt powers "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Coercive sanctions must account for "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). "Compensatory sanctions should reimburse the injured party for its actual damages," *Terry*, 886 F.2d at 1353, though there need not be a one-to-one ratio between actual damages and the value of the assets subject to civil contempt, *see Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004) ("[W]here a fine is paid directly to the other party rather than the court, the

---

[4] Weston Capital Advisors, Inc., filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* Notice of Voluntary Dismissal [Doc. 185], *Weston Capital Advisors, Inc. v. PT Bank Mutiara*, No. 13-cv-6945 (S.D.N.Y. Jan. 31, 2017). Because the notice did not specify that the dismissal was with prejudice, it is deemed to be without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). Though a voluntary dismissal without prejudice generally does not render appealable adverse decisions on other issues in the case, *see Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005), a party may nevertheless appeal civil contempt orders that remain payable despite the dismissal and that do not affect and are not affected by resolution of the dismissed merits issues, *see N.Y. Tel. Co. v. Commc'ns Workers of Am., AFL-CIO*, 445 F.2d 39, 45 (2d Cir. 1971). Accordingly, we have appellate jurisdiction over the appeals by all the Weston parties.

4

sanction should correspond at least to some degree with the amount of damages." (internal quotation marks omitted)).

The District Court determined that the Additional Sanctions Order was necessary "to coerce compliance" and "to compensate Bank Mutiara." *Weston Capital*, 2017 WL 571511, at *3. Weston argues that the sanctions were excessive because the Mauritian judgments, securities, and equity subject to the Additional Sanctions Order have "a value between $500 million and $2.2 billion," or perhaps "as much as $10 billion." Appellants' Br. (Nos. 17-668 & 17-1227) at 1, 32. But those assertions are contradicted by Weston's apparent inability over the course of five years to sell any of its assets or use them as security to obtain a loan to repay the $3.6 million to Bank Mutiara. Nor has Weston offered any evidence supporting its likely inflated estimates of the value of the property subject to the Additional Sanctions Order.

We therefore hold that the District Court did not abuse its discretion when it exercised its inherent powers to enforce its own orders and issued the Additional Sanctions Order and the subsequent orders divesting Weston of the Mauritian judgments, security instruments, and equity and vesting that property in Bank Mutiara.

## CONCLUSION

We have reviewed Weston's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5