18-3015-cv
*Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

---

WESTON CAPITAL ADVISORS, INC.,

        *Petitioner-Appellant,*                                     18-3015-cv

        v.

PT BANK MUTIARA, TBK,

        *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**                ALEX KRIEGSMAN, Kriegsman PC, Sag Harbor, NY.

**FOR RESPONDENT-APPELLEE:**          DANIEL R. KOFFMANN (Marc L.
Greenwald, Andrew P. Marks, Ryan A.
Rakower, *on the brief*), Quinn Emanuel
Urquhart & Sullivan, LLP, New York,
NY.

Appeal from an October 4, 2018 order of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Petitioner-Appellant Weston Capital Advisors, Inc. ("WCAI") appeals from an October 4, 2018 order enjoining WCAI and its affiliated entities from prosecuting an action in the Delaware Court of Chancery (the "Anti-Suit Order"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This appeal constitutes yet another chapter in WCAI's longstanding, unapologetic, and willful defiance of numerous court orders mandating the return of $3.6 million improperly collected on a larger judgment awarded to Respondent-Appellee PT Bank Mutiara Tbk ("Bank Mutiara"). *See Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, 667 F. App'x 15 (2d Cir. 2016) (summary order) ("*Weston I*"); *Weston Capital Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19 (2d Cir. 2018) (summary order) ("*Weston II*").

On November 19, 2013, the District Court ordered WCAI to return the improperly collected funds (the "November 2013 Order"). Over the course of the next four years, the District Court would enter successive contempt orders of increasing severity that WCAI would continuously flout.

In a last-ditch effort to secure WCAI's compliance, the District Court entered an order on February 13, 2017, scheduling the incremental turnover of WCAI's assets and equity interests to Bank Mutiara (the "February 2017 Contempt Order"). Subsequently, as a result of WCAI's continued recalcitrance, the District Court ordered that all of the equity interests in WCAI and its affiliated entities be "revested" in Bank Mutiara, thereby rendering Bank Mutiara the owner of WCAI and its related corporate entities. We affirmed the February 2017 Contempt Order, including the "revesting" of WCAI's equity interests in Bank Mutiara, on June 25, 2018. *See Weston II*, 738 F. App'x at 22.

On September 14, 2018, a WCAI entity commenced an action in the Delaware Court of Chancery (the "Delaware Action"), seeking a declaratory judgment that WCAI's board of directors

remains what it was prior to the transfer of ownership to Bank Mutiara. The Delaware Action also seeks an injunction against Bank Mutiara from filing any further certificates or instruments with the Delaware Secretary of State.[1] In effect, the Delaware Action seeks to undermine and relitigate what we affirmed in *Weston II*—that is, that Bank Mutiara now "owns" WCAI as a result of the February 2017 Contempt Order.

On September 25, 2018, the District Court ordered WCAI to show cause why it should not be enjoined from prosecuting the Delaware Action. The Order to Show Cause granted WCAI an opportunity to file an opposition by October 1 and to appear before the District Court at a show cause hearing on October 4.

On September 27, Alex Kriegsman ("Kriegsman") filed a notice of appearance on behalf of WCAI as well as a motion for a three-week extension of time to respond to the Order to Show Cause. Bank Mutiara refused to consent to the extension request unless WCAI agreed to stay the Delaware Action. On October 1, the District Court denied WCAI's request for an extension of time but noted that it would "consider a shorter request, provided it is on consent." App. 129. WCAI did not renew its request for an extension of time, nor did it file an opposition brief or appear at the show cause hearing on October 4.[2] Accordingly, the District Court entered the Anti-Suit Order on October 4, 2018, effectively enjoining WCAI from prosecuting the Delaware Action.

On appeal, WCAI challenges the Anti-Suit Order on several grounds, none of which were raised before the District Court. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (internal quotation marks and brackets omitted). Here, WCAI has failed to provide a compelling reason for its failure to file a timely opposition brief. Any purported prejudice that WCAI encountered from its inability to file a timely opposition to the Order to Show Cause is attributable to its eleventh-hour decision to retain Kriegsman, who was unfamiliar with the five years

---

[1] After mandate issued in *Weston II*, Bank Mutiara appointed Melissa Butarbutar ("Butarbutar") as WCAI's sole director, President, and Secretary. Butarbutar subsequently made corporate filings with the Delaware Secretary of State and changed the registered agent of WCAI in Delaware.

[2] On appeal, Kriegsman claims that he had a scheduling conflict that prevented him from attending the October 4 hearing. Kriegsman claims to have requested that the hearing be moved, but upon examination of the record, it appears that no such request was ever made. *See* App. 134 (objecting to the hearing as "a violation of my clients' due process rights," but never mentioning a scheduling conflict or requesting an adjournment). Instead, Kriegsman and/or WCAI dispatched an "appearance counsel" to the October 4 hearing who never filed a notice of appearance, expressly disclaimed any affiliation with WCAI's designated counsel, and professed to not have "any familiarity with the long history" of the case. App. 138. Needless to say, this appearance counsel did not substantively challenge the Anti-Suit Order.

of litigation preceding the Order to Show Cause. As the District Court aptly explained during the October 4 hearing, WCAI "engaged in one of the older tricks in the litigation book, they fired one counsel, hired a new counsel, asked for three weeks." App. 139.

Nor did the District Court abuse its discretion by denying WCAI's motion for an extension of time. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004) (reviewing ruling on a motion for extension of time for abuse of discretion). Indeed, in light of WCAI's protracted and flagrant disregard of successive court orders, the District Court acted prudently by requiring Bank Mutiara's consent as a necessary condition for granting any extension. In sum, we decline to exercise our discretion to consider WCAI's waived arguments where WCAI has failed to proffer any compelling reasons for failing to oppose the Anti-Suit Order below.

## CONCLUSION

We have reviewed all of the remaining arguments raised by WCAI on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 4, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4