**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATIONAL ABORTION FEDERATION,
　　　　　　　*Plaintiff-Appellee*,

　　　　　　v.

CENTER FOR MEDICAL PROGRESS;
BIOMAX PROCUREMENT SERVICES,
LLC; DAVID DALEIDEN, AKA
Robert Daoud Sarkis; TROY
NEWMAN,
　　　　　　　　　*Defendants*,

　　　　　and

STEVE COOLEY; BRENTFORD J.
FERREIRA,
　　　　*Respondents-Appellants.*

No. 17-16622

D.C. No.
3:15-cv-03522-
WHO

NATIONAL ABORTION FEDERATION,
                    *Plaintiff-Appellee*,


                    v.

CENTER FOR MEDICAL PROGRESS;
DAVID DALEIDEN, AKA Robert
Daoud Sarkis,
                    *Defendants-Appellants*,


                    and

BIOMAX PROCUREMENT SERVICES,
LLC; TROY NEWMAN,
                    *Defendants.*

No. 17-16862

D.C. No.
3:15-cv-03522-
WHO


OPINION

Appeals from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

Filed June 5, 2019

Before:  Johnnie B. Rawlinson, Paul J. Watford,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

### Contempt / Appellate Jurisdiction

The panel dismissed for lack of jurisdiction consolidated appeals from a district court order holding two sets of appellants in civil contempt for violating the court's preliminary injunction.

The panel held that defendants held in contempt could not obtain immediate appellate review because no final judgment had been entered, and the district court did not hold them in criminal contempt.

As to non-parties held in contempt, a civil contempt sanction imposed against them would ordinarily be deemed a final judgment subject to immediate appeal. Here, the non-parties could not immediately appeal because there was a substantial congruence of interests between them and the defendants.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Sarah E. Pitlyk (argued), Peter Breen, and Thomas Brejcha, Thomas More Society, Chicago, Illinois; Catherine W. Short, Life Legal Defense Foundation, Ojai, California; Matthew F. Heffron, Thomas More Society c/o Brown & Brown, LLC, Omaha, Nebraska; Jeffrey M. Trissell, Paul J. Jonna, and Charles S. LiMandri, Freedom of Conscience Defense Fund, Rancho Santa Fe, California; for Defendants-Appellants.

Matthew J. Geragos (argued), Geragos Law Group, Los Angeles, California, for Respondents-Appellants.

Derek F. Foran (argued), R. Benjamin Nelson, Nicholas A. Roethlisberger, and Christopher L. Robinson, Morrison & Foerster LLP, San Francisco, California; Sophia M. Brill, and Marc A. Hearron, Morrison & Foerster LLP, Washington, D.C.; for Plaintiff-Appellee.

**OPINION**

WATFORD, Circuit Judge:

These are consolidated appeals from a district court order holding two sets of appellants in civil contempt for violating the court's preliminary injunction. We conclude that we lack jurisdiction over both appeals.

The appeals arise out of the same set of facts. David Daleiden attended the annual meetings of the National Abortion Federation (NAF) in 2014 and 2015, allegedly under false pretenses. While there, he and agents of his organization, the Center for Medical Progress (CMP), surreptitiously recorded their interactions with attendees.

Daleiden and CMP subsequently published edited versions of those recordings in violation of a contractual agreement with NAF.  NAF contends the edited recordings inaccurately portrayed its members as participants in the unlawful sale of fetal remains.  As a consequence of these recordings being made public, NAF alleges, its member facilities became the targets of increased harassment, including death threats.

Shortly after publication of the recordings, NAF filed a civil action against Daleiden and CMP in federal district court.  NAF asked the court to issue a preliminary injunction prohibiting Daleiden and CMP from, among other things, publishing any of the recordings made at NAF's annual meetings.  The district court granted the requested relief.  As relevant here, the preliminary injunction enjoins Daleiden and CMP from "publishing or otherwise disclosing to any third party any video, audio, photographic, or other recordings taken, or any confidential information learned, at any NAF annual meetings."

Two months after entry of the preliminary injunction, the California Attorney General executed a search warrant at Daleiden's home as part of the State's criminal investigation into his activities.  Daleiden retained attorneys Steve Cooley and Brentford Ferreira of Steve Cooley & Associates to represent him in the anticipated criminal proceedings.  The State eventually charged Daleiden with unlawfully recording confidential communications in a 15-count criminal complaint.  *See* Cal. Penal Code § 632(a).

During the course of Cooley's and Ferreira's representation of Daleiden, recordings covered by the preliminary injunction (which we will refer to collectively as the "prohibited recordings") were made available for public viewing on the website of Steve Cooley & Associates.  A webpage announcing the firm's representation of Daleiden

prominently featured a three-minute-long "preview" video of edited footage from the prohibited recordings. The webpage also provided a link to a playlist of videos consisting of edited footage from the prohibited recordings that CMP had uploaded to YouTube; anyone who clicked on the link could freely view the videos. And finally, the webpage provided a link to one of the firm's court filings in Daleiden's criminal case, which in turn included a link to another of CMP's playlists on YouTube, this one containing hundreds of videos of raw footage from the prohibited recordings.

The videos disclosed through the Steve Cooley & Associates website received widespread media coverage, both through traditional and online media channels. NAF quickly brought the publication of the videos to the district court's attention, and the court ordered their immediate removal from both the website and YouTube. NAF presented evidence that Daleiden, CMP, Cooley, and Ferreira violated the terms of the preliminary injunction and asked the court to hold them in contempt. In response, the court issued an order to show cause as to why all four parties should not be held in civil contempt.

The court conducted a contempt hearing at which Daleiden, Cooley, and Ferreira appeared. Each of them refused to answer any of the court's questions about how the prohibited recordings wound up being accessible for public viewing through the website of Steve Cooley & Associates. As the basis for refusing to answer, each of them asserted either the attorney-client privilege or work-product protection.

In a detailed written order, the district court held Daleiden, CMP, Cooley, and Ferreira in civil contempt. The court found by clear and convincing evidence that all four

parties had worked in concert to violate the terms of the preliminary injunction. As to Daleiden and CMP, the court determined that Daleiden had edited the videos and uploaded them to CMP's YouTube page. As to Cooley and Ferreira, the court concluded that they had disseminated the prohibited recordings on Daleiden's behalf. The court also found that Cooley and Ferreira were bound by the preliminary injunction because they knew of its existence and scope—indeed, the firm's webpage specifically referred to the injunction and what it prohibits.

Following additional briefing and evidence, the court issued a separate order setting the amount of civil contempt sanctions. The court held Daleiden, CMP, Cooley, and Ferreira jointly and severally liable to NAF for approximately $195,000. The award compensated NAF for security costs, personnel costs, and attorney's fees, which the district court found were incurred by NAF as a direct result of the violation of the preliminary injunction.

Both sets of parties—Daleiden and CMP on the one hand, Cooley and Ferreira on the other—filed separate appeals from the district court's orders imposing civil contempt sanctions. NAF argues that we lack jurisdiction to hear either appeal, given that final judgment has not yet been entered in the underlying civil action. We agree and accordingly dismiss both appeals.

The analysis with respect to Daleiden and CMP is straightforward, so we will start with them. As parties to the underlying action, Daleiden and CMP could obtain immediate appellate review of the district court's contempt order only if the court had held them in *criminal* contempt. *See Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996). If the court instead held them in civil contempt, as it purported to do, Daleiden and CMP would need to wait until entry of

final judgment in the underlying action to obtain appellate review of the orders. *See Fox v. Capital Co.*, 299 U.S. 105, 107 (1936); *Bingman*, 100 F.3d at 655. Although the label the district court affixes to sanctions is not dispositive, *see United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994), the contempt sanctions imposed here are plainly civil in nature. The sanctions were made payable to NAF, not the court, and they compensate NAF only for the expenses it incurred as a direct result of Daleiden's and CMP's sanctionable conduct. *See Koninklijke Philips Electronics, N.V. v. KXD Technology, Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1111 (9th Cir. 2005). The fact that the sanctions are immediately payable does not render the court's order appealable on an interlocutory basis. *See Philips*, 539 F.3d at 1045–46.

Daleiden and CMP contend that the sanctions must be deemed criminal in nature because the district court stated that it was imposing the sanctions in part to deter future violations of the preliminary injunction. That contention is misguided for two reasons. First, deterrence is one of the purposes served by compensatory and punitive awards alike, so the district court's statement does not aid in classifying the sanction as civil or criminal. *See Bingman*, 100 F.3d at 656. And second, we determine the civil or criminal nature of a contempt sanction not by focusing on the court's subjective intentions, but instead by examining "the character of the relief itself." *Bagwell*, 512 U.S. at 828 (internal quotation marks omitted). Here, as noted, the relief awarded to NAF is purely compensatory in nature; no aspect of the award is punitive. That renders the sanctions civil rather than criminal, even if one of the purposes of the award was to deter future wrongdoing.

The jurisdictional analysis as to Cooley and Ferreira is a little more complicated, but the end result is the same. Because Cooley and Ferreira are not parties to the underlying action, a civil contempt sanction imposed against them would ordinarily be deemed a final judgment subject to immediate appeal under 28 U.S.C. § 1291. *See Portland Feminist Women's Health Center v. Advocates for Life, Inc.*, 877 F.2d 787, 789 (9th Cir. 1989). But when there is a "substantial congruence of interests" between the sanctioned non-party and a party to the action, the non-party may not immediately appeal. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 747 F.2d 1303, 1305 (9th Cir. 1984). The non-party must wait until entry of final judgment to obtain review, just like a party to the action would. The purpose of this rule is "to avoid piecemeal review and its attendant delay." *Id.* As we put it in *Kordich v. Marine Clerks Association*, 715 F.2d 1392 (9th Cir. 1983) (per curiam), "[w]e see no reason to permit indirectly through the attorney's appeal what the client could not achieve directly on its own: immediate review of interlocutory orders imposing liability for fees and costs." *Id.* at 1393.

The only question, then, is whether there is a sufficiently strong congruence of interests between the parties (Daleiden and CMP) and the non-parties (Cooley and Ferreira) to preclude the latter from obtaining immediate review. Such a congruence of interests will generally exist when the liability of both a party to the action and the non-party arises from the same course of conduct, particularly if liability has been imposed on them jointly and severally. *See id.* Allowing the non-party to seek immediate review could require an appellate court to resolve the same set of issues twice: first during the non-party's interlocutory appeal, and again when the party to the action is able to appeal from the

final judgment. The judiciary's interest in conserving limited resources weighs heavily in favor of postponing appellate review until after final judgment, at which point challenges to the sanctioned parties' liability can be resolved together in one fell swoop.[1]

The interests of Cooley and Ferreira are substantially congruent with those of Daleiden and CMP. The district court found that Daleiden and CMP acted in concert with Cooley and Ferreira to violate the preliminary injunction, so the liability of all of them arises out of the same course of conduct. In addition, the court imposed joint and several liability, so Cooley and Ferreira are attacking the same award imposed against Daleiden and CMP on largely the same grounds. In these circumstances, Cooley and Ferreira must wait until after entry of final judgment to obtain review of the contempt sanctions imposed against them, just as Daleiden and CMP are required to do. *See Hill*, 102 F.3d at 424–25; *Kordich*, 715 F.2d at 1393.

Cooley and Ferreira contend that our past cases dismissing appeals by non-party attorneys held in contempt are distinguishable because they involved attorneys who represented a party in the underlying action. Here, of course, Cooley and Ferreira represent Daleiden in the related state-

---

[1] We have carved out one exception to this general rule, applicable when a non-party is ordered to pay sanctions immediately to a party who is likely insolvent. *See Riverhead Savings Bank v. National Mortgage Equity Corp.*, 893 F.2d 1109, 1113–14 (9th Cir. 1990). In that scenario, the sanctions award is effectively unreviewable on appeal from the final judgment, because the non-party would likely not be able to get the money it paid returned even if it were successful on appeal. *Hill v. MacMillan/McGraw-Hill School Co.*, 102 F.3d 422, 424 (9th Cir. 1996). This narrow exception, which is based on the collateral order doctrine, does not apply here.

court criminal case, not in the civil action that gave rise to the preliminary injunction. Nothing turns on that distinction, though. The purpose of the substantial congruence rule is to avoid duplicative appeals, and that harm would occur whether or not the attorney found in contempt represents a party in the underlying action. *See Cunningham v. Hamilton County*, 527 U.S. 198, 209 (1999).

We dismiss these consolidated appeals for lack of jurisdiction. As a consequence of that ruling, we also lack jurisdiction to rule on Daleiden and CMP's motion requesting reassignment to a different district judge on remand. Finally, we **DENY** Daleiden and CMP's motion for judicial notice because the materials brought to our attention do not bear on our jurisdiction to hear these appeals. *See Santa Monica Nativity Scenes Committee v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015).

**DISMISSED.**